# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Rosalee Hix Davis, Respondent.

Appellate Case No. 2015-002596

Opinion No. 27611
Submitted February 2, 2016 – Filed March 9, 2016

### DEFINITE SUSPENSION

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Elizabeth Ann Hyatt, Esquire, of Hyatt Law, LLC, of Lancaster, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed three (3) years with conditions.  Respondent requests that any suspension be imposed retroactively to May 3, 2013, the date she was transferred to incapacity inactive status. *In the Matter of Davis*, 403 S.C. 370, 744 S.E.2d 502 (2013).  We accept the Agreement and suspend respondent from the practice of law in this state for two (2) years, not retroactively to the date of her transfer to incapacity inactive status.  In addition, we impose the conditions set forth hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Respondent was retained to represent Client A in a domestic matter. Client A requested her file from respondent. Respondent failed to deliver the file as requested and failed to provide Client A with a copy of the final order of divorce that required Client A to pay child support.

### Matter II

On April 10, 2012, respondent was retained to represent Client B in a domestic matter. Following a hearing, respondent advised Client B to file an appeal of the court's ruling. Client B signed a new representation agreement with respondent on July 13, 2012, for representation on a motion for reconsideration and an appeal. Respondent was paid an additional $2,500.00 for the new representation.

Respondent failed to file an appeal on behalf of Client B. Due to respondent's failure to timely file the appeal, Client B lost his right to an appeal. Respondent failed to keep Client B informed of the status of the appeal and failed to respond to Client B's numerous telephone calls, texts, and emails regarding Client B's case.

Respondent admits she failed to withdraw from the representation of Client B when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client B. Respondent failed to refund the advance payment of fees that had not been earned by respondent. In addition, respondent also failed to retain the unearned fees in her trust account.

On January 15, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond to the *Treacy* letter or Notice of Investigation. Respondent did appear before a representative of the ODC and gave testimony regarding the allegations in this matter.

### Matter III

On October 29, 2012, respondent was retained to represent Client C and her husband with a time sensitive domestic matter. Respondent was paid $1,500.00 for

the representation.  Respondent informed Client C that she would have an emergency custody order signed by the judge by the end of that week.

After no further communication with respondent, Client C called respondent on November 6 and November 7, 2012, and every other day thereafter.  Client C received no response or telephone calls from respondent.  Client C sent respondent an email on November 12, 2012, requesting an update.  Respondent responded that a hearing would take place Thursday or Friday of that week.  Respondent made no further contact with Client C and she failed to return Client C's numerous telephone calls.

Respondent admits she failed to withdraw from representation of Client C and her spouse when respondent's physical and/or mental condition materially impaired respondent's ability to represent them.  Respondent failed to refund the advance payment of fees that she had not earned.  In addition, respondent failed to retain the unearned fees in her trust account.

On January 7, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days.  When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response.  Respondent did not respond to the *Treacy* letter or to the Notice of Investigation.  Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter IV

On August 28, 2012, Client D retained respondent for representation on a domestic matter.  Respondent was paid $1,500.00 for the representation.  Respondent informed Client D that she would be entitled to an expedited hearing due to the affidavit that Client D provided.

Despite numerous telephone calls, emails, and text messages to respondent regarding the status of the hearing, respondent did not respond to Client D until September 27, 2012.  During that communication, respondent informed Client D that the judge needed an affidavit from Client D indicating why an emergency hearing was needed.  Client D immediately prepared the affidavit and submitted it to respondent.

A hearing was held on October 18, 2012.  The judge requested additional information from respondent/Client D before finalizing the order.  Client D

provided the additional information to respondent that same day. On October 22, 2012, respondent informed Client D that the order would be typed and sent to judge to sign that same week. After repeated attempts to contact respondent between October 25, 2012 and December 4, 2012, respondent finally responded to Client D on December 4, 2012 and indicated that she was trying to get the order to the judge for a signature. Client D again attempted to contact respondent several times between December 10, 2012 and December 21, 2012, but received no response. On December 27, 2012, Client D learned from the clerk of court's office that an order of dismissal had been signed on Client D's case. The order stated that the case was dismissed due to respondent's refusal to present an order to the judge after numerous requests from the court.

Respondent admits she failed to withdraw from representation of Client D when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client D.

On February 15, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the *Treacy* letter or to the Notice of Investigation. Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter V

On June 6, 2012, respondent was retained to represent Client E in a domestic matter. Respondent was paid $1,675.00 for the representation. After an expedited hearing, respondent informed Client E that they would be back in court by the end of August 2012.

Despite several emails, telephone calls, and text messages, Client E received very little response from respondent. On January 21, 2013, Client E sent respondent a letter by email requesting a refund of her retainer. The letter was also mailed to respondent by certified mail. Respondent failed to respond to Client E's letter or to communicate with Client E in any matter.

Respondent admits she failed to withdraw from representation of Client E when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client E. Respondent failed to refund the advance payment of

fees that had not been earned. In addition, respondent also failed to retain the unearned fees in her trust account.

On February 15, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the *Treacy* letter or to the Notice of Investigation. Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter VI

In September of 2008, respondent's firm was retained to represent Client F in a probate matter. Respondent was the attorney assigned to represent Client F. When respondent left the firm in December 2011, the firm issued Client F a refund of his unused retainer fee in the amount of $996.78. Client F paid the entire amount of $996.78 to respondent to continue the representation.

Client F was unable to locate or communicate with respondent in spite of many messages to respondent's office. Respondent failed to refund the advance payment of fees that had not been earned. In additional respondent also failed to retain the unearned fees in respondent's trust account.

On February 25, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the *Treacy* letter or to the Notice of Investigation. Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter VII

On or about February 8, 2012, respondent was retained to represent Client G in a domestic matter. Respondent was paid $1,590.00 for the representation. Respondent failed to file the action for adoption as had been requested. Respondent failed to return Client G's telephone calls or to reply to Client G's numerous requests.

On February 13, 2013, Client G mailed respondent a letter requesting a return of Client G's documents and a refund of Client G's retainer within ten days of the date

of the letter. Respondent failed to respond to Client G's letter or to communicate with Client G regarding Client G's requests.

Respondent admits she failed to withdraw from representation of Client G when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client G. Respondent failed to refund the advance payment of fees that had not been earned. In addition, respondent also failed to retain the unearned fees in her trust account.

On March 13, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the *Treacy* letter or to the Notice of Investigation. Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter VIII

Respondent was retained on February 6, 2012, to represent Client H in a child custody matter. Respondent was paid $2,000.00 for the representation. Respondent made two court appearances on Client H's behalf concerning child support. Respondent failed to schedule a hearing on Client H's behalf regarding the custody issue. Respondent failed to keep Client H informed regarding the statue of Client H's custody case.

Respondent admits she failed to withdraw from representation of Client H when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client H.

On March 27, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the *Treacy* letter or to the Notice of Investigation. Respondent did appear before a representative of ODC and gave testimony regarding these allegations.

## Matter IX

Respondent was retained to represent Client I in a domestic matter and was paid $3,500.00 for the representation. Respondent failed to do any work in furtherance of the representation.

Respondent admits she failed to withdraw from representation of Client I when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client I. Respondent failed to refund the advance payment of fees that had not been earned. In addition, respondent also failed to retain the unearned fees in her trust account.

On May 1, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen days. Respondent was transferred to incapacity inactive status on May 3, 2013. *In the Matter of Davis*, *supra*. Respondent appeared before a representative of ODC and gave testimony regarding the allegations in this matter.

## Matter X

Respondent was retained to represent Client J in a domestic matter for the adoption of Client J's nephew. Respondent was paid $150.00 for the representation. Respondent failed to do any work in furtherance of the representation. Respondent failed to return any of Client J's telephone calls or keep Client J informed about the status of Client J's matter.

Respondent admits she failed to withdraw from representation of Client J when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client J. Respondent failed to refund the advance payment of fees that had not been earned. In addition, respondent also failed to retain the unearned fees in her trust account.

Respondent appeared before a representative of ODC and gave testimony regarding the allegations in this matter.

## Matter XI

On April 9, 2012, respondent was retained to represent Client K in a domestic matter. Respondent was initially paid $750.00 on April 9, 2012, and another

$200.00 on May 15, 2012. Client K met with respondent at a restaurant and paid her an additional $500.00. During this last meeting, respondent informed Client K that her case was completed and respondent would schedule a final hearing the following week. Despite respondent's representation, respondent failed to do any work in furtherance of Client K's case. Respondent closed her law office without notifying Client K of a new location or contact number.

Respondent admits she failed to withdraw from representation of Client K when respondent's physical and/or mental condition materially impaired respondent's ability to represent Client K. Respondent failed to refund the advance payment of fees that had not been earned. In addition, respondent also failed to retain the unearned fees in her trust account.

Respondent appeared before a representative of ODC and gave testimony regarding the allegations in this matter.

## Matter XII

After a finding of fact by the Resolution of Fee Disputes Board (Board), respondent was ordered to pay $2,500.00 to Client B referenced above. Respondent failed to pay the judgment and a certificate of non-compliance was issued by the Board on March 28, 2014. Respondent was mailed a Notice of Investigation on April 30, 2014, requesting a written response within fifteen days. Respondent failed to file a written response to the Notice of Investigation.

## **Law**

Respondent admits that by her conduct she violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2 (lawyer shall abide by client's decisions concerning objectives of representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.5 (lawyer shall not charge or collect unreasonable fee); Rule 1.15 (lawyer shall deposit into client trust account unearned legal fees that have been paid in advance to be withdrawn by lawyer only as fees are earned; lawyer shall hold client's property in lawyer's possession in connection with representation separate from lawyer's own property; lawyer shall promptly deliver to client any funds client entitled to receive); Rule 1.16 (lawyer shall not commence representation and shall withdraw from representation if lawyer's physical or mental condition materially impairs lawyer's ability to

represent client; upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client's interests, such as surrendering papers and property to which client entitled and refunding any advance payment of fee that has not been earned); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice). In addition, respondent admits her misconduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with final decision the Resolution of Fee Disputes Board).

## **Conclusion**

This Court accepts the Agreement for Discipline by Consent and suspends respondent from the practice of law in this state for two (2) years, not retroactively to the date of her transfer to incapacity inactive status. In addition, in the event she is reinstated to the practice of law,[1] this Court imposes the following conditions on respondent:

1. respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of reinstatement;

2. respondent shall complete the Legal Ethics and Practice Program Ethics School within nine (9) months of reinstatement; and

3. within sixty (60) days of reinstatement, respondent shall execute a restitution agreement with the Commission for repayment as follows: $2,500 to Client B; $1,500 to Client C; $1,675 to Client E; $996.78 to

---

[1] For purposes of this opinion, reinstatement shall include respondent's reinstatement from this disciplinary suspension as provided by Rule 33, RLDE, and reinstatement from incapacity inactive status as provided by Rule 28, RLDE.

Client F; $1,590 to Client G; $3,500 to Client I; $150 to Client J; $1,450 to Client K; full repayment to the Lawyers' Fund for Client Protection (Lawyers' Fund) of amounts paid to any client referenced in the Agreement by the Lawyers' Fund;[2] and $544.80 to the Lawyers' Fund for its payment of the costs and fees incurred by the attorney appointed to protect the interests of respondent's former clients.[3]

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[2] The amount due to any client listed in the restitution agreement shall be reduced by any amount paid to the client by the Lawyers' Fund.

[3] By order dated April 22, 2014, this Court relieved the attorney appointed to protect the interests of respondent's former clients, directed the Lawyers' Fund to reimburse the attorney for his costs and fees associated with his appointment, and ordered respondent to reimburse the Lawyers' Fund within thirty (30) days of its remittance to the attorney. Respondent has not repaid the Lawyers' Fund as required by this Court's order.